RECEIVED
OCT - 1 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT NELSON HOWELL, JR. (#09232-026) | DOCKET NO. 1:15-CV-2146; Sec. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed by pro se Petitioner Robert Nelson Howell, Jr. (#09232-026), pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), presently incarcerated at the Federal Correctional Institution at Pollock, Louisiana. Petitioner attacks his conviction from the United States District Court for the Southern District of Illinois.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual and Procedural History*

As set forth by the United States District Court for the Eastern District of Arkansas, the procedural history is as follows:

> "The United States District Court for the Southern District of Illinois convicted Howell of conspiring to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana, and sentenced him to 360 months of imprisonment. *United States v. Howell*, 98-CR-30200-DRH, 2010 WL 1404055 (S.D. Ill. Apr. 7, 2010). Howell did not immediately appeal his sentence and judgment. Instead, he filed a motion under 28 U.S.C. §2255, which was denied on the grounds that, as part of his plea agreement, he had waived his right to file such

a challenge. *Id.*(citing *Howell v. United States*, 01-CV-0607-DRH (S.D. Ill., filed September 13, 2001), appeal denied, Appeal No. 03-3535 (7th Cir. decided September 25, 2003)).

Mr. Howell filed a collateral attack on this drug conviction in September 2001. The district court denied relief, and the Seventh Circuit denied Mr. Howell's request for a certificate of appealability in January of 2004. See *Howell v. United States*, No. 03-3656 (7th Cir. Jan. 7, 2004).

Mr. Howell filed a petition for writ of habeas corpus under 28 U.S.C. §2241, which the United States District Court for the Western District of Wisconsin construed as a motion brought under 28 U.S.C. §2255. The petition was dismissed for lack of jurisdiction on January 26, 2004. *Howell v. Scibana*, 04-C-27-C, 2004 WL 231139 (W.D. Wis. Jan. 26, 2004).

On October 12, 2004, Mr. Howell filed a second petition under §2255, which the Court dismissed for lack of jurisdiction on January 27, 2005. *United States v. Howell*, 98-CR-30200-DRH, 2010 WL 1404055 (citing *Howell v. United States*, 04-CV-0724-DRH).

Mr. Howell brought a second petition for writ of habeas corpus under 28 U.S.C. §2241 in the United States District Court for the Western District of Wisconsin, claiming that he was being unconstitutionally held despite having completed his sentence. *Howell v. Scibana*, 04-C-292-C, 2004 WL 1563229 (W.D. Wis. July 7, 2004). The court denied the petition. Id. at *1. Mr. Howell again attempted to challenge the Drug Enforcement Agency Action that resulted in his conviction, but the court rejected these claims as an attack on his conviction that would have to be brought under 28 U.S.C. §2255. *Id.*

Mr. Howell filed a notice of appeal of his sentence and judgment on May 5, 2006, which the Seventh Circuit dismissed for lack of jurisdiction on June 28, 2006. *Id.*

Mr. Howell later brought another petition for writ of habeas corpus under 28 U.S.C. § 2241, asserting that his criminal conviction violated the prohibition against double jeopardy. *Howell v. Bezy*, 163 F. App'x 416 (7th Cir. 2006) (reh'g and reh'g en banc denied April 5, 2006) (cert. denied *Howell v. Bezy*, 549 U.S. 1042, 127 S. Ct.

> 605, 166 L. Ed. 2d 449 (2006)). The district court denied relief, and the Seventh Circuit affirmed. *Id.*

On September 22, 2008, Mr. Howell filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). *United States v. Howell*, 98-CR-30200-DRH, 2009 WL 4673776 (S.D. Ill. Dec. 2, 2009). The Court appointed counsel to represent Mr. Howell on the issue of a sentencing reduction in the light of amendments to the United States Sentencing Guidelines, but counsel moved to withdraw because he could not make a non-frivolous argument in support of a reduction under 18 U.S.C. §3582(c). The Court agreed and granted the motion to withdraw, finding that Mr. Howell's guideline range had not been lowered and that he could not satisfy the first criterion under 18 U.S.C. §3582(c)(2) for obtaining a sentence reduction. *Id.*

> In 2010, Mr. Howell filed an application for writ of audita querela with the trial court. *United States v. Howell*, 2010 WL 1404055 at *1. The court noted that the writ of audita querela had been abolished and found that what Mr. Howell really sought was to vacate, set aside or correct his sentence under 28 U.S.C. §2255. *Id.* The court considered the filing as a successive §2255 petition and advised Mr. Howell that he would have to seek permission from the Seventh Circuit Court of Appeals to pursue the petition. *Id.*
>
> In May of 2012, Mr. Howell petitioned this Court for a writ of habeas corpus, claiming that a disciplinary hearing at the United States Penitentiary ("USP") in Atlanta, Georgia, violated his Fifth Amendment due process rights. *Howell v. Outlaw*, 2:12cv00087-DPM (closed April 12, 2013)(appeal dismissed for failure to prosecute *Howell v. Outlaw*, No. 13-1544 (8th Cir. April 22, 2013)). Mr. Howell's petition for writ of habeas corpus was denied, and the case was dismissed. *Id.*
>
> In his current petition, Mr. Howell claims that he is in custody in violation of the laws and Constitution of the United States because the prosecutor constructively amended the indictment in violation of his Fifth and Sixth Amendment rights. (#1 at pp. 4, 7) Mr. Howell asks the Court to dismiss the indictment and release him from custody. (#1 at pp. 5, 11)

[<u>Howell v. Haynes</u>, 2:13-cv-55 (E.D.Ar.), Doc. #4, p.2-5] The district court noted that, as with many of Howell's earlier

3

petitions, he was challenging the validity of his conviction and sentence, not the execution of his sentence. Because the sentencing court already "denied him relief" on his §2255 motions, and because Mr. Howell did not apply to the proper court for further §2255 relief, the district court could not entertain his §2241 petition for habeas corpus. The result is the same in this case.

### Law and Analysis

Petitioner claims that his conviction is in violation of the double jeopardy clause of the Fifth Amendment. He also complains about a sentencing enhancement and the plea negotiations. As Petitioner has been instructed by numerous courts, a collateral attack of a conviction or sentence should be raised in a motion to correct, vacate or set aside sentence under 28 U.S.C. §2255. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).

Title 28 U.S.C. §2241 is generally used by prisoners to attack the *manner* in which a sentence is carried out, or to challenge the prison authorities' determination of the duration of the sentence. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Petitioner is not challenging the *execution* of his sentence or calculation of his sentence. Instead he complains of errors that allegedly occurred at or prior to sentencing, which should be raised in a §2255 motion.

Petitioner has already filed multiple §2255 motions, at least one of which was adjudicated on the merits. See Howell v. United

4

States, 01-CV-0607-DRH (S.D. Ill.), appeal denied, Appeal No. 03-3535 (7th Cir. decided September 25, 2003). Section 2255(h) provides that in order to file a second or successive Section 2255 motion, a prisoner must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h). _Such a determination must be made by a three-judge panel of the court of appeals before the successive motion is filed in federal district court_. Petitioner has not obtained permission from the appropriate Court of Appeals to file a successive 2255 motion.

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), cert. denied, 534 U.S. 1001 (2001). A prisoner may use Section 2241 as the vehicle for attacking his conviction **if** it appears that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255. The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. See Jeffers, 253 F.3d at 830. A prior

5

unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make Section 2255 inadequate or ineffective.

To show that the remedy under §2255 is inadequate or ineffective, Petitioner must demonstrate that: (1) his claim is based on a <u>retroactively applicable Supreme Court decision</u>; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original §2255 petition. <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." <u>Id.</u> at 903.

Petitioner has not identified a retroactively applicable Supreme Court decision establishing that he was "actually innocent" of the charges against him. Petitioner cannot demonstrate that §2255 is inadequate or ineffective, and before proceeding with a successive petition, he must seek permission from the appropriate court of appeals.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED** for lack of jurisdiction.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and**

Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 30th day of September, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE